WILLIAM RILEY, Respondent, v. ST. LOUIS SOUTH-WESTERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, May 7, 1901.**

1. **Damages:** RAILWAY COMPANY, DUTY TO FENCE: QUESTION FOR JURY AS TO SWITCH LIMITS. It is a question for the jury, whether or not a defendant railway company appropriated a reasonable portion of its right of way to switching purposes.

2. ———: ———: ———. In the case at bar, if the railway company exceeded the limits of a reasonable use of its track for this purpose and permitted said fences for an excessive distance to be connected with its own fences, thus creating a blind inclosure, wherein errant cattle, following their natural disposition, might become alarmed at approaching trains and frightened into cattle guards and there killed, it could not be said as a matter of law that no cause of action existed, for injuries thus occasioned, against the defendant.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

This is an action for damages for the killing of stock. There was testimony tending to show that the cattle came upon the track near a cattle guard on the defendant's road, which one witness says, was about two hundred feet from a public road crossing. Another witness (William Dunn) testifies that the cattle were killed within the limits used by the railroad

for switching purposes, but about five hundred yards from the public crossing. There was other evidence tending to show that the owners of lands adjoining the switch limits, had constructed fences along the right of way of the defendant, which extended to the fences with which defendant inclosed that portion of its right of way protected by cattle guards; that by reason of the aforesaid farm fences, much of the switch limits used by the defendant had assumed the form of a pocket, with openings where its track was traversed by two public roads; that the two roads in question were three or four hundred yards apart.

Another witness (William Baker) testified the cattle were killed at the cattle guard near the east end of the switch, at a place seventy or a hundred feet from the end of the switch; that the pocket was one thousand feet deep and left no way of escape for cattle restrained therein, except by going out the way in which they entered. This witness also testified that there were blood and hair upon the ties at the cattle guard, and that the switch was two hundred feet from the cattle guard.

Plaintiff had judgment, from which defendant appealed.

*W. H. Miller* for appellant.

(1) The petition assigns as the only negligence contributing directly to the injury, the negligent operation of the train so as to frighten the cattle into the guard, then running upon and killing them. There being an entire absence of testimony on that point, the peremptory instruction should have been given. Young v. Railroad, 79 Mo. 336; Wallace v. Railroad, 74 Mo. 594; Castor v. Railroad, 65 Mo. App. 359. (2) The verdict is in the very face of instruction No. 3, which properly declares the law and which places the ground of recovery on the frightening clause in the petition. Authori-

ties supra. (3) The evidence was uncontradicted that the cattle guard was as near the switch stand as it could have been placed, having regard to the safety of the employees. Spooner v. Railroad, 65 Mo. App. 359. (4) The only possible way for the stock in question to have gotten on the defendant's right of way was on the public highway, and the company could not protect against that possibility.

*Robert Rutledge, Brown & Fisher* and *J. J. Russell* for respondent.

(1) The sole question for this court to determine is, whether there was any evidence entitling this case to go to the jury and to sustain the verdict rendered. Before the court will reverse a case on that ground alone, there must be a clear case of failure of proof. An insufficiency of evidence is not enough to justify a reversal, but it must appear that there was no evidence tending to establish the facts found by the jury. State v. Hayden, 141 Mo. 311; James v. Mutual Ass'n, 148 Mo. 1; Land & Lumber Co. v. Moss Tie Co., 79 Mo. App. 543. (2) The circumstantial evidence was abundantly sufficient—to establish the fact that defendant's train killed the stock sued for. Sinclair v. Railroad, 70 Mo. App. 588. (3) The stock were killed at the cattle guard, which the testimony shows to be from sixty to two hundred feet from the end of the switch. Baldwin says it was about two hundred feet, Wilson says it was sixty-six feet. It was a question of fact for the jury to determine whether the place where the cattle were killed was necessary for switching purposes so as to excuse defendant from fencing it, and the fact was found by the jury against the defendant. Prather v. Railroad, 84 Mo. App. 86.

BOND, J.—The question of the sufficiency of the petition

to state a cause of action is not before us for review, since it was held free from that objection on a former appeal.

It is insisted by the learned counsel for appellant that the proof does not support the charge in the petition; that the cattle were killed by being frightened by defendant's engine, and driven into the cattle guard and thence thrown from the track and killed. There was sufficient proof that the killing occurred at the cattle guard. There was also evidence tending to show the existence of inclosures on either side of the approach to this cattle guard, for a long distance, made by the connection of farm fences with the fences of the defendant. It was a question for the jury, whether or not defendant only appropriated a reasonable portion of its track and right of way to switching purposes. Prather v. R'y Co., 84 Mo. App. loc. cit. 92. In the case at bar, if it exceeded the limits of a reasonable use of its track for this purpose and permitted said fences for an excessive distance to be connected with its own fences, thus creating a blind inclosure wherein errant cattle, following their natural disposition, might become alarmed at approaching trains and frightened into cattle guards and there killed, it could not be said, as a matter of law, that no cause of action existed for injuries thus occasioned, against the defendant. This question seems to have been resolved against the defendant on the trial, and although the evidence in favor of the verdict of the jury was purely inferential, we are not authorized for that reason to set aside the finding.

It is conceded that the instructions given by the court (except its refusal of a demurrer to the evidence) were correct. The judgment herein is, therefore, affirmed. All concur.